FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 0 3 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

COREY JAMES,

Defendant.

8-CR-681

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On April 17, 2009, Corey James pled guilty to Counts One through Three of a three-count indictment. Count One charged that between April 16, 2008 and June 11, 2008, James conspired to distribute and possess with intent to distribute fifty grams or more of cocaine base and cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(iii) and 841(b)(1)(C). Count Two charged that on April 16, 2008, James, Jessica Heyliger, and Wayne South, distributed and possessed with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Three charged that on May 2, 2008, James, Heyliger, and South distributed and possessed with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

James was sentenced on April 19, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be thirty-four and defendant's criminal history category to be category VI, yielding a guidelines range of imprisonment of between 262 and 327 months. The total offense level reflected defendant's status as a career offender as defined in Guideline 4B1.1(a). Counts One and Three carried a minimum term of imprisonment of ten years and a maximum term of imprisonment of life. *See* 21 U.S.C. § 841(b)(1)(A). Count Two carried a maximum term of twenty years and no minimum. 21 U.S.C. § 841(b)(1)(C). The guidelines range of fine was from $15,000 to $5,000,000. The statutory maximum fines were $4,000,000 for Counts One and Three, *see* 21 U.S.C. § 841(b)(1)(A)(i), and $1,000,000 for Count Two. *See* 21 U.S.C. § 841(b)(1)(C). Count Four of the indictment was dismissed by the court.

James was sentenced to ten years' and one day incarceration on each count, concurrent, and five years' supervised release. A $300 special assessment was imposed. The sentence imposed shall be treated as beginning November 4, 2008, the day James was writted from state custody. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). James was born in 1969. He grew up to unmarried parents in a low-income household. His father was a heroin addict who physically and emotionally abused the mother; he deserted the family while James was a young boy. Defendant began using marijuana regularly in 1982, cocaine in 1984, and heroin in 1990. Despite drug treatment, he remains heavily addicted. He has suffered from depression since he was a teenager.

He terminated his schooling in the eleventh grade, when he was incarcerated for robbery. When not incarcerated, he has worked sporadically as a dishwasher, construction worker, mover, and flooring installer. He reports that he earned a GED, vocational training, and a bachelor's degree while incarcerated for prior offenses, but Probation has not confirmed these claims.

He has been romantically involved with a woman since 1982. The two have an adult son who was convicted for robbery in 2008 and sentenced to seven years' imprisonment. James has a second son with a woman with whom he is no longer involved.

James is forty-two years of age and suffers from chronic asthma and high blood pressure. He walks with a cane and reports hip degeneration, back pain, and arthritis.

Defendant has a lengthy history of serious crimes, a number involving physical violence. They include a string of robberies and attempted robberies committed while he was a teenager, a car theft at age twenty-three, criminal possession of a weapon at age twenty-six, sale of controlled substances at ages twenty-eight and thirty-seven, and assault with intent to cause physical injury at age thirty-seven. He is a known member of the Bloods gang.

James's involvement in the instant offense began after his release from state custody for a prior offense in February 2008. He is alleged to have brokered drug and gun deals and personally dealt powder cocaine, crack cocaine, and heroin. The charged offenses arise from three drug transactions James brokered, resulting in the sale of fifty grams of cocaine powder and 118 grams of crack in total. James received $100 for each sale.

Drug distribution offenses are serious crimes. The sentence reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the trafficking of illegal drugs will result in a lengthy prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is less likely that he will engage in serious

physical criminal activity in light of his age and medical condition, his professed commitment to his family, his desire to recover from his alcohol and drug addiction, and his remorse for his crimes.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: April 20, 2011
Brooklyn, New York